# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| XUAN MA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS; MORTGAGE SERVICE CENTER; WESTAR CREDIT UNION; FEDERAL HOME LOAN MORTGAGE CORP.; EQUIFAX INFORMATION SERVICES, LLC; and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies

have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Xuan Ma ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of American Express ("Amex"), Mortgage Service Center ("MSC"), Westar Credit Union ("WCU") (collectively, "Furnisher Defendants") and Equifax Information Services, LLC ("Equifax"), and Experian Information Solution, Inc. ("Experian") (collectively, "CRA Defendants") with regard to erroneously reporting derogatory credit information to national reporting agencies.

3. CRA and Furnisher Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

4. Plaintiff further brings this action to challenge the actions of Federal Home Loan Mortgage Corp. ("Freddie Mac") for accessing Plaintiff's consumer report without a permissible purpose, which damaged Plaintiff's creditworthiness.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law. 15 U.S.C. §1681 *et seq.*; 28 U.S.C. §1331; *Smith v.*

*Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

6. This action arises out of each Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

7. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, the State of Nevada and because Defendants are subject to personal jurisdiction in the County of Clark, State of Nevada as they conduct business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Equifax has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

8. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Defendant Amex is a corporation doing business in the State of Nevada.

10. Defendant Amex is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

11. Defendant MSC is a corporation doing business in the State of Nevada.

12. Defendant MSC is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

13. Defendant WCU is a corporation doing business in the State of Nevada.

14. Defendant WCU is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

15. Defendant Freddie Mac is a corporation doing business in the State of Nevada.

16. Defendant Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business with its principal place of business in Georgia.

17. Defendant Experian regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f), doing business in Nevada, with a principal place of business in Ohio.

18. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## GENERAL ALLEGATIONS

19. On or about December 17, 2014, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Nevada pursuant to 11 U.S.C. §701 *et seq*. Plaintiff's case was assigned Case Number 14-18261-led (the "Chapter 7" or "Bankruptcy").

20. The obligations ("Debt") to each Furnisher Defendant herein (as applicable) were scheduled in the Bankruptcy and each respective Furnisher Defendant, or its predecessor in interest, received notice of the Bankruptcy.

21. None of the Furnisher Defendants named herein filed any proceedings to declare their alleged debts "non-dischargeable" pursuant to 11 U.S.C. § 523 *et seq.*

22. None of the Furnisher Defendants named herein obtained relief from the "automatic stay" codified at 11 U.S.C. §362 *et seq.* while the Plaintiff's Bankruptcy was pending to pursue the Plaintiff for any *personal* liability.

23. On March 24, 2015, Plaintiff received a discharge from the Bankruptcy Court. That discharge included his Debt to the Furnisher Defendants.

24. Further, while Plaintiff remained in compliance with his Chapter 7 duties, any post-bankruptcy derogatory reports were both inaccurate and illegal absent court orders to the contrary.

25. However, Defendants named herein, and each of them, either reported or caused to be reported inaccurate information after the Bankruptcy as discussed herein.

26. Defendants' reporting post-Bankruptcy derogatory information was inaccurate and misleading in that each Defendant continued reporting information based on Furnisher Defendants' pre-bankruptcy contract terms with the Plaintiff, which had been rendered moot by the Chapter 7 Bankruptcy and subsequent discharge.

27. Additionally, Furnisher Defendants' inaccurate reporting did not comply with the Consumer Data Industry Association's Metro 2 reporting standards, which provides guidance for credit reporting and FCRA compliance.

28. To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA") publishes standard guidelines for reporting data called the "Metro 2 Format."

29. The only difference in reporting a pre-discharged debt and a discharged debt is to delete the balance (or report a balance of $0).

30. Indeed, the guidelines direct furnishers to report an account status as it existed at the time the bankruptcy petition was filed and not the account status as it *would have* existed in the months following the filing of the petition if the petition had not been filed.

31. Courts rely on such guidance to determine furnisher liability. *See e.g. In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) (finding that "industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation 'Discharged in bankruptcy' and with a zero balance due").

32. Furnisher Defendants did not conform to the Metro 2 Format when reporting on Plaintiff's accounts after the Plaintiff filed Bankruptcy as further set forth below. To this end, the adverse reporting on the Plaintiff's report departs from the credit industry's own reporting standards and was therefore inaccurate under the CDIA's standards as well.

### SPECIFIC ALLEGATIONS

33. Plaintiff obtained a copy of his Equifax and Experian consumer reports, both dated August 11 and 10, 2015, respectively, and containing multiple inaccuracies. True and correct copies of relevant portions of these reports are attached hereto as **Exhs. A and B.**

## Amex

34. Amex inaccurately reported to Equifax that the Plaintiff's "date of last activity/date 1st Maj Delinq Rptd/Etc" (hereinafter "DLA") was January 2015 for the first major delinquency, a month after his Bankruptcy filing. The DLA date should have been no later than the Bankruptcy filing date. By reporting a DLA later than the Bankruptcy filing date Amex caused the DLA to remain on the Plaintiff's credit report longer than allowed under the FCRA's obsolescence period codified at 15 U.S.C. § 1681c(a). Amex's "re-aging" of its debt is illegally causing the trade line to remain on the Plaintiff's credit report longer than legally permissible.

## MSC

35. MSC inaccurately reported to Experian that Plaintiff had balances on the account from the period of January to June 2015, even though Plaintiff received a discharge during that period. Reporting of a balance other than $0 after his discharge was inaccurate.

36. MSC also inaccurately reported to Experian, that the Plaintiff's account had past due balances for January 2015 (90 days past due) and February 2015 (120 days past due) even through the Plaintiff was not past due after his Bankruptcy was file. Plaintiff complied with his Chapter 7 duties and

received a discharge for the account. Accordingly, any reports of past due balances after his Bankruptcy filing are inaccurate.

## WCU

37. WCU reported to Experian that Plaintiff's account was charged off in January and February 2015, after Plaintiff filed for bankruptcy. It was inaccurate for WCU to list the account as charged off after Plaintiff filed for Bankruptcy, while he remained in compliance with his Chapter 7 duties, and for WCU to maintain the charge off designation after the debt was discharged in bankruptcy, rather than listing it as $0 and current. Further, it was inaccurate to list the account as charged off on more than one date.

38. In addition, WCU inaccurately reported to Experian that Plaintiff had balances on the account from the period of January to June 2015, even though Plaintiff received a discharge during that period. Reporting a balance other than $0 after his discharge was inaccurate.

## Reinvestigation Reports

39. On or about October 5, 2015, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed the Furnisher Defendants' reported information regarding Plaintiff's alleged debts by notifying Equifax and Experian, in writing, of the incorrect and inaccurate credit information furnished by the Furnisher Defendants.

40. Specifically, Plaintiff sent letters, certified, return receipt, to Equifax (the "Equifax Dispute Letter") and Experian (the "Experian Dispute Letter), requesting the above inaccurate and incorrect derogatory information be corrected or removed. True and correct copies of the Equifax Dispute Letter and the Experian Dispute Letter are attached hereto as **Exhs. C and D.**

41. Upon receiving the Equifax and/or Experian Dispute Letter, upon information and belief, Equifax and/or Experian timely notified the Furnisher Defendants of the disputes based on the reporting agencies' mandated statutory duty pursuant to 15 U.SC. § 1681i.

42. Defendants were each required to conduct an investigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

43. Equifax failed to send any reinvestigation report whatsoever and thus has not correct the inaccuracy in the original report.

44. On or about November 2, 2015, Plaintiff received a reinvestigation report from Experian. A true and correct copy of the relevant portions of the report is attached hereto as **Exh. E.**

45. The reinvestigation report repeated and confirmed each of the inaccuracies described above.

46. Because Plaintiff performed all of his Chapter 7 duties and received a discharge, the above inaccuracies reiterated the inaccuracies on the original report and exacerbated them.

47. Furnisher and CRA Defendants have independent obligations to conduct a reasonable investigation into Plaintiff's dispute.

48. A reasonable investigation by the Furnisher and CRA Defendants would have indicated that Plaintiff filed for Chapter 7 bankruptcy and received a discharge.

49. Accordingly, the Furnisher and CRA Defendants each failed to conduct reasonable investigations as required by 15 U.SC. § 1681s-2(b)(1)(A) and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

50. The Furnisher and CRA Defendants failed to review all relevant information provided by Plaintiff in the disputes to Equifax and Experian, as required by and in violation of 15 U.S.C. § 1681s-2(b)(1)(B).

51. Based on the information in Plaintiff's dispute letter and/or the public record of bankruptcy, Furnisher and CRA Defendants knew or should have known that the original reports were inaccurate.

52. Due to Furnisher and CRA Defendants' respective failure to reasonably investigate Plaintiff's dispute, they each further failed to correct and update

Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

53. Plaintiff's continued efforts to correct the Furnisher and CRA Defendants' erroneous and negative reporting of the discharged debt by communicating Plaintiff's dispute with the Furnisher and CRA Defendants were fruitless.

54. The Furnisher and CRA Defendants' continued inaccurate and negative reporting of the discharged debt in light of its knowledge of the actual error was willful. Plaintiff is, accordingly, eligible for statutory damages.

55. Also as a result of the Furnisher and CRA Defendants' continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Furnisher and CRA Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

56. By inaccurately reporting account information relating to the discharged debt after notice and confirmation of their errors, the Furnisher and CRA Defendants failed to take the appropriate measures as required under 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

## **Improper Access to Consumer Report**

57. Freddie Mac is a secondary purchaser of mortgage debt, including Plaintiff's, via MSC.

58. Upon discharge of Plaintiff's Debt to MSC, Plaintiff had not further account relationship with MSC or Freddie Mac.

59. Nonetheless, on at least one occasion, on or about May 5, 2015, more than a month after Plaintiff's discharge, Freddie Mac accessed Plaintiff's consumer report. *See* **Exh. A.**

60. Under the FCRA, 15 U.S.C. § 1681b(f), an individual or entity may not access the report of another without a legally permissible purpose.

61. Freddie Mac knew or should have known that the Debt had been discharged in Bankruptcy and, at minimum, recklessly disregarded this fact when it accessed Plaintiff's credit file.

62. Freddie Mac did not have a legally permissible purpose at the time it accessed Plaintiff's credit file.

63. Freddie Mac acted willfully and with specific intent to access the consumer report of the Plaintiff with knowledge that it did not have a permissible purpose to do so.

64. As a result of Freddie Mac's willful actions and omissions, Plaintiff is eligible for statutory damages.

65. Also as a result of Freddie Mac's actions and omissions, Plaintiff has suffered actual damages, including without limitation credit denials, out-of-pocket expenses in challenging the Furnisher and CRA Defendants' wrongful representations, damage to his creditworthiness, and emotional distress.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (REPORTING VIOLATIONS)

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. §1681.

68. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

69. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ*. (IMPROPER PULL)

1. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

2. Defendant willfully and, in the alternative, negligently violated 15 U.S.C. § 1681b(f).

3. As a result of this willful conduct described, pursuant to § 1681n(a)(1)(B), plaintiff is entitled to recover the greater of his actual damages or $1,000.00 per occurrence plus punitive damages together with costs and attorney fees.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 29, 2016

        Respectfully submitted,

        By: /s/ David Krieger, Esq.

        David Krieger, Esq.
        Nevada Bar No. 9086
        HAINES & KRIEGER, LLC
        8985 S. Eastern Ave., Suite 350
        Henderson, NV 89123
        Phone: (702) 880-5554
        FAX: (702) 385-5518
        Email: dkrieger@hainesandkrieger.com
        *Attorney for Plaintiff*